**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Anders Linnell,<br><br>                        Plaintiff,<br><br>v.<br><br>Allstate Insurance Company, an Illinois corporation,<br><br>                        Defendant. | No. CV15-0051 PHX DGC<br><br>**ORDER** |

Plaintiff has filed a motion to remand this case to state court. Doc. 8. At the Case Management Conference held on March 5, 2015, the Court addressed the motion with the parties. The Court concludes that federal subject matter jurisdiction is lacking and that the case must be remanded to state court.

**I.     Background.**

Plaintiffs filed a complaint against Defendant in Arizona state court. The complaint asserts claims for breach of contract and bad faith arising out of property damage caused by a windstorm. Plaintiffs seek compensatory damages, consequential damages, and attorneys' fees. Doc. 1-2 at 14.

Defendant removed the action to this Court. Defendant asserts in its notice of removal that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the matter in controversy exceeds $75,000. Doc. 1.

**II.     Removal and Remand Standards.**

Pursuant to the removal statute, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

**III.    Discussion.**

The complaint identifies two dollar amounts – $50,216.40 in replacement cost benefits and $38,133.40 in cash value benefits. The parties confirmed at the Case Management Conference that these amounts are mutually exclusive. An insured may obtain either replacement cost or cash value benefits under the policy, but not both. As a result, the largest amount of damages identified in the complaint is $50,216.40.

Defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Id*.; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original).

Defendant argues that compensatory damages and attorneys' fees, when added to the $50,216.40 identified in the complaint, could exceed $75,000. Such a possibility "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis in

original); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ("removal 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the amount of damages) (citation omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (removal cannot be based upon mere "information and belief" that the amount in controversy exceeds $75,000); *see also Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damages have been awarded in the past against insurance companies.").

Because the amount-in-controversy requirement has not been met in this case, federal subject matter jurisdiction is lacking. The Court accordingly will remand this matter to state court. See 28 U.S.C. § 1447(c); *Valdez*, 372 F.3d at 1118 ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court."); *Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Sanchez*, 102 F.3d at 406 (district court should remand to state court where the defendant has failed to establish the jurisdictional amount by a preponderance of the evidence).

Both parties seek attorneys' fees for this motion. The Court finds both parties' positions to have been taken in good faith, and therefore will not award fees.

**IT IS ORDERED**:

1. Plaintiff's motion to remand (Doc. 8) is **granted**.

2. The Clerk shall remand this action to state court.

Dated this 5th day of March, 2015.

_David G. Campbell_
David G. Campbell
United States District Judge